# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH GEIGER, | |
| Plaintiff, | CIVIL ACTION NO. 3:22-cv-01079 |
| v. | (SAPORITO, M.J.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## <u>MEMORANDUM</u>

This is a fee-paid *pro se* civil action against the federal government. The case has been assigned to us upon the consent of the parties, pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (Doc. 16.) It was commenced by the plaintiff, Joseph Geiger, when he filed a threadbare complaint on July 11, 2022. (Doc. 1.) The only named defendant is the United States of America. (*Id.* ¶ 2.)

In his complaint, Geiger asserts federal question jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 *et seq.* (*Id.* ¶ 1.) In his statement of claim, Geiger alleges that: "Employees of the United States Department of Veterans Affairs, acting within the scope of their employment, injured me by treating me negligently, or failing to treat me in accordance with acceptable medical

standards." (*Id.* ¶ 3.) No other facts are alleged. For relief, Geiger requests that "judgment be entered against the United States of America in an amount in excess of $75,000." (*Id.* ¶ 4.)

On February 9, 2023, apparently in response to service of a notice by the United States that it would be seeking dismissal for failure to file a certificate of merit, Geiger filed a copy of a letter from his treating optometrist, John Kurovsky, O.D., dated February 6, 2023. In its entirety, the body of this letter states:

> I have been Mr. Geiger's optometrist for over 25 years. I first recognized his ocular symptoms of Myasthenia Gravis and referred him to neurology for further evaluation and treatment. Throughout the course of the last 25 years, Mr. Geiger became dependent on the medical care at the Wilkes-Barre VA Medical Center, due to financial hardship and medical disability. In the recent past, Mr. Geiger developed new neurological symptoms resulting in frequent falls (causing significant injuries), muscle spasms, and overall decline in physical health. All of the symptoms listed were evaluated at the Wilkes-Barre VA, without a referral for more comprehensive or conclusive diagnostic testing or lab work. Mr. Geiger independently received an outside evaluation with Dr. Terry Heiman-Patterson[,] who diagnosed Stiff-Person Syndrome through physical exam, extensive lab testing, and MRIs. Dr. Terry Heiman-Patterson serves as Medical Director of the MDA Clinic at Good Shepherd Rehabilitation Hospital in Allentown, PA, where Mr. Geiger receives care. She is also a Professor of Neurology for the Lewis Katz School of Medicine at

> Temple University and Director of the Temple
> MDA/ALS Center of Hope. The Wilkes-Barre VA failed
> to refer Mr. Geiger to a specialist in a timely manner,
> resulting in injury, worsening physical health and
> misdiagnosis of a condition.

(Doc. 13.)

On February 27, 2023, the United States filed a motion to strike
defective certificate of merit and motion to dismiss. (Doc. 15.) On March
9, 2023, the United States filed its brief in support of the motion, together
with supporting exhibits. (Doc. 17.) In that brief, the United States
argued that, to the extent it is offered to support a certificate of merit in
this case, Dr. Kurovsky's statement is defective as a matter of law
because he is an optometrist rather than a physician.

On March 27, 2023, Geiger filed a *pro se* certificate of merit, dated
March 24, 2023, and signed by the plaintiff himself. In its entirety, the
body of this certificate states:

> I, Joseph Geiger, certify that John Kurovsky, O.D.,
> is an appropriate licensed professional that has
> supplied a written statement that there exists a
> reasonable probability that the care, skill or knowledge
> exercised or exhibited in the treatment, practice or
> work from the VA Medical Center, fell outside of
> acceptable professional standards and that such
> conduct was a cause in bringing about the harm.
>
> See credentials attached.

(Doc. 19.)[1] Attached to the certificate was a copy of Dr. Kurovsky's curriculum vitae.[2]

Beyond the filing of this certificate of merit, Geiger has failed to file an opposition brief or to otherwise respond to the defendant's motion.

## I.  DISCUSSION

### A. Certificate of Merit

The FTCA requires a court to apply the substantive tort laws of the state in which the alleged tort arose. *Gould Elec. Inc. v. United States*, 220 F.3d 169, 179 (3d Cir. 2000). Here, the alleged tort of professional

---

[1] We note that this language closely tracks the language of Rule 1042.3(a)(1) of the Pennsylvania Rules of Civil Procedure.

[2] Although Rule 1042.3(e) requires a *pro se* party signing a certificate of merit to attach the referenced written statement from an appropriate licensed professional, it is clear that the *pro se* certificate here is intended to reference the written statement by Dr. Kurovsky previously filed with the court. A *pro se* plaintiff's failure to meet the technical requirements of Rule 1042.3 may be excused by the court where the plaintiff has made a substantial effort to comply with the rule or provided a reasonable excuse for failing to do so. *See Booker v. United States*, 366 Fed. App'x 425, 427–29 (3d Cir. 2010); *Ramos v. Quien*, 631 F. Supp. 2d 601, 611–12 (E.D. Pa. 2008). "The purpose of the required certificate of merit is to 'assure that malpractice claims for which there is no expert support will be terminated at an early stage in the proceedings.'" *Green v. Fisher*, No. 1:CV-12-00982, 2014 WL 65763, at *12 (M.D. Pa. Jan. 8, 2014) (quoting *Chamberlain v. Giampapa*, 210 F.3d 54, 160 (3d Cir. 2000)). With this in mind, we find that the plaintiff's failure to attach the written statement to his *pro se* certificate of merit should be excused.

negligence occurred in Pennsylvania, and therefore Pennsylvania state law applies.

Pennsylvania law requires a plaintiff alleging medical malpractice, or any other form of professional negligence, to file a certificate of merit, which must attest either that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards,[3] or that expert testimony of an appropriate licensed professional is unnecessary. Pa. R. Civ. P. 1042.3(a)(1) & (3). This requirement is a substantive rule and applies even where, as here, the claim is brought in federal court. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264–65 (3d Cir. 2011). Ignorance of the rule does not excuse failure to comply, even for a *pro se* plaintiff. *See Hoover v. Davila*, 862 A.2d 591, 594 (Pa. Super. Ct. 2004).

Under Rule 1042.3, a plaintiff asserting a professional negligence claim must file a certificate of merit within sixty days after the filing of a complaint. Pa. R. Civ. P. 1042.3(a). This sixty-day time period may be

---

[3] If the plaintiff is *pro se*, a copy of the licensed professional's written statement must be attached to the certificate of merit. Pa. R. Civ. P. 1042.3(e).

extended by the court for successive periods of up to sixty days each, with no limit on the number of sixty-day extensions that the court might grant. Pa. R. Civ. P. 1042.3(d) & note. Such a motion to extend is timely if it is filed within thirty days after the defendant files a notice of intention to enter judgment non pros or before the expiration of any extension of time previously granted by the court, whichever is later. Pa. R. Civ. P. 1042.3(d).

Under Rules 1042.6 and 1042.7, a defendant to a professional negligence claim may seek to have the complaint dismissed if the plaintiff has failed to file the requisite certificate of merit. In Pennsylvania state court, this is a two-step procedure. First, the defendant may file a written notice of intention to enter judgment non pros, but no sooner than the thirty-first day after the filing of the complaint. Pa. R. Civ. P. 1042.6(a). Then, no less than thirty days after filing the notice of intention, the defendant may file a praecipe for entry of judgment non pros. Pa. R. Civ. P. 1042.7(a). In the interim, the plaintiff may file a motion to extend the time to file a certificate of merit or a motion for a determination that a certificate of merit is not necessary. Pa. R. Civ. P. 1042.3(d); Pa. R. Civ.

P. 1042.6(c).[4] If no certificate of merit has been filed at the time of the

defendant's praecipe, and there is no pending timely motion to extend or

a motion for a determination that a certificate of merit is unnecessary,

the prothonotary must enter judgment non pros against the plaintiff. Pa.

R. Civ. P. 1042.7(a).

In the federal system, applying Pennsylvania substantive law, the

procedure is necessarily different as "there is no procedural mechanism

for a defendant to ask the clerk to dismiss a claim. Rather, failure to

submit the certificate is a possible ground for dismissal by the district

court, when properly presented to the court in a motion to dismiss."

*Bresnahan v. Schenker*, 498 F. Supp. 2d 758, 762 (E.D. Pa. 2007); *see also*

*Keel-Johnson v. Amsbaugh*, No. 1:07-CV-200, 2009 WL 648970, at *3 &

n.2 (M.D. Pa. Mar. 10, 2009). Ordinarily, dismissal for failure to file a

certificate of merit is without prejudice. *See Donelly v. O'Malley &*

*Langan, PC*, 370 Fed. App'x 347, 350 (3d Cir. 2010) (per curiam); *Booker*

---

[4] Rule 1042.6(c) permits a plaintiff to file a motion for a
determination that a certificate of merit is not necessary at any time prior
to entry of judgment non pros. Pa. R. Civ. P. 1042.6(c) & note. If the court
determines that a certificate of merit is required, the plaintiff is required
to file a certificate of merit within twenty days of the court order. Pa. R.
Civ. P. 1042.6(c).

*v. United States*, 366 Fed. App'x 425, 427 (3d Cir. 2010). *But see Slewion v. Weinstein*, No. 12-3266, 2013 WL 979432, at *1 (3d Cir. Mar. 14, 2013) (per curiam) (dismissal with prejudice appropriate where statute of limitations has run and amendment would be futile).

Here, the plaintiff has responded to the defendants' motion by filing a putative certificate of merit. The *pro se* certificate signed by the plaintiff appears to invoke Rule 1042.3(a)(1), relying on the previously filed written statement of Dr. Kurovsky.[5] But while Dr. Kurovsky is indeed a "licensed professional" as an optometrist, *see* Pa. R. Civ. P. 1042.1(c)(1)(viii), as a *non*-physician, he is not an "appropriate licensed professional" for the purposes of providing expert testimony regarding the applicable standard of care or a statement in support of a certificate of merit against a physician, nor against other non-physician health care providers who provided medical treatment outside the field of eye care. *See* Pa. R. Civ. P. 1042.3(a)(1) note ("[I]n a medical professional liability action against a physician, the expert who provides the statement in support of a certificate of merit should meet the qualifications set forth in Section 512 of [MCARE, 40 P.S. § 1303.512]."); *see also* Pa. R. Civ. P.

---

[5] *See supra* note 2.

1042.1(c)(1)(i) (distinguishing "health care providers" as defined under Section 503 of MCARE, 40 P.S. § 1303.503, from optometrists); *cf. Wexler v. Hecht*, 847 A.2d 95, 103 (Pa. Super. Ct. 2004) (holding that, under MCARE, a podiatrist is not qualified to provide standard-of-care expert testimony against a physician).[6]

Accordingly, the defendant's motion to strike the plaintiff's defective certificate of merit will be granted. Although we dismiss this action for the reasons stated below, we also grant the plaintiff leave to file an amended complaint. We will likewise grant the plaintiff leave to file a new certificate of merit within sixty days after the filing of his amended complaint, should he file one.

## B. Lack of Subject Matter Jurisdiction

Generally, the United States is entitled to sovereign immunity from suit. As the Third Circuit has summarized:

> Under the doctrine of sovereign immunity, the United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any

---

[6] We note that Dr. Kurovsky's written statement described medical findings and diagnoses by Geiger's treating neurologist, Dr. Terry Heiman-Patterson. Although Dr. Kurovsky is not qualified to provide a certificate of merit with respect to medical care provided by VA physicians and other health care providers outside the field of eye care, Dr. Heiman-Patterson may be.

court define that court's jurisdiction to entertain the
suit." "A waiver of the Federal Government's sovereign
immunity must be unequivocally expressed in
statutory text, and will not be implied."

*Cooper v. Comm'r*, 718 F.3d 216, 220 (3d Cir. 2013) (quoting *United States*

*v. Testan*, 424 U.S. 392, 399 (1976), and *Lane v. Pena*, 518 U.S. 187, 192

(1996)) (citations omitted). "Absent a waiver, sovereign immunity shields

the Federal Government and its agencies from suit." *Fed. Deposit Ins.*

*Corp. v. Meyer*, 510 U.S. 471, 475 (1994); *see also Cudjoe ex rel. Cudjoe v.*

*Dep't of Veterans Affairs*, 426 F.3d 241, 246 (3d Cir. 2005) (addressing

claims against the VA).

Subject to exceptions not at issue here, the FTCA waives the

sovereign immunity of the United States with respect to a variety of

state-law tort claims, including medical malpractice claims based on

conduct by physicians or medical providers employed by the federal

government. *See* 28 U.S.C. § 1346(b)(1); *Lomando v. United States*, 667

F.3d 363, 372–75 (3d Cir. 2011). But as a precondition to suit, the FTCA

requires a plaintiff to first exhaust administrative remedies:

> An action shall not be instituted upon a claim against
> the United States for money damages for injury or loss
> of property or personal injury or death caused by the
> negligent or wrongful act or omission of any employee
> of the Government while acting within the scope of his

> office or employment, unless the claimant shall have
> first presented the claim to the appropriate Federal
> agency and his claim shall have been finally denied by
> the agency in writing and sent by certified or registered
> mail.

28 U.S.C. § 2675(a). "Fulfillment of the administrative exhaustion requirement is essential to a court's subject matter jurisdiction over a claim under the FTCA. A complaint's failure to allege exhaustion of administrative remedies, therefore, requires dismissal of the complaint for lack of subject matter jurisdiction." *Biase v. Kaplan*, 852 F. Supp. 268, 283 (D.N.J. 1994) (citations omitted); *see also Gomez v. United States*, No. 1:14-CV-01176, 2016 WL 826899, at *3 (M.D. Pa. Mar. 3, 2016) ("Although the exhaustion requirement under the Prison Litigation Reform Act of 1995 is an affirmative defense and can be waived, the exhaustion of administrative remedies under the FTCA is jurisdictional and cannot be waived.").

The plaintiff has expressly asserted state-law medical negligence claims against the United States pursuant to the FTCA, based on unspecified conduct by unidentified VA medical staff. But in his sparsely pleaded *pro se* complaint, the plaintiff has failed to allege the exhaustion of administrative remedies. Thus, his state-law medical negligence

claims are barred by federal sovereign immunity, and we lack subject matter jurisdiction to grant any relief.

Accordingly, this action will be dismissed *sua sponte* for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. We will, however, grant the plaintiff leave to file an amended complaint, in which he may plead such facts as necessary to plausibly demonstrate the exhaustion of administrative remedies.

### C. Other Pleading Defects

When preparing and filing his amended complaint, the plaintiff should also be mindful of the minimum pleading requirements imposed by the federal rules. As noted above, the plaintiff's entire statement of claim is a single conclusory statement, with absolutely no supporting factual allegations. Even if he had pleaded the prerequisite exhaustion of administrative remedies in this case, his threadbare complaint would be subject to dismissal under Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

Under Rule 8, a complaint must contain "a short and plain statement of the claim showing the at the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each factual averment in the complaint "must be

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther v. State Ky. Officers*, 556 Fed. App'x 91, 92 (3d Cir. 2014) (per curiam) (quoting *Simmons v. Abuzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Under Rule 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Conclusory statements and naked assertions will not suffice. *Id.* A court may *sua sponte* dismiss a complaint for failure to state a claim under Rule 12(b)(6) after service of process. *See Germany v. Power 105.1 Radio*, 790 Fed. App'x 442, 443 n.1 (3d Cir. 2019) (per curiam); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 n.15 (3d Cir. 2002).

## II.  CONCLUSION

For the foregoing reasons, the defendant's motion will be granted in part and denied in part. The motion will be granted to the extent it seeks to strike the plaintiff's putative certificate of merit, but denied as moot to the extent it seeks dismissal of this action for failure to file a

proper certificate of merit. The action will be dismissed *sua sponte* for lack of subject matter jurisdiction, and the plaintiff will be granted leave to file an amended complaint, as well as a new certificate of merit, within a specified time period.

An appropriate order follows.


Dated: April 27, 2023                     **_s/Joseph F. Saporito, Jr._**
                                          JOSEPH F. SAPORITO, JR.
                                          United States Magistrate Judge